IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Latesha Carter, )<br>)<br>　　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>Ascend Performance Material )<br>Holdings, Inc., *d/b/a Ascend* )<br>*Performance Materials*, and Ascend )<br>Performance Materials Operations, )<br>LLC, *d/b/a Ascend Performance* )<br>*Materials*, )<br>)<br>　　　　　Defendants. )<br>_____) | Civil Action No. 8:20-cv-4379-TMC<br><br>**ORDER** |

Plaintiff Latesha Carter ("Plaintiff") initiated this action on December 18, 2020, against Defendant Ascend Performance Materials Operations, LLC ("Ascend Operations"), her former employer, and Defendant Ascend Performance Material Holdings, Inc. ("Ascend Holdings") (collectively, "Defendants"), alleging violations of the Family and Medical Leave Act ("FMLA")[1] and the Americans with Disabilities Act ("ADA")[2]. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling.

On November 8, 2021, Plaintiff filed a motion for partial summary judgment as to her claim for ADA discrimination based on Defendants' refusal to reinstate her. (ECF No. 27). Defendants filed a joint response in opposition to Plaintiff's motion on December 13, 2021, (ECF

---

[1] 29 U.S.C. §§ 2601–2654.

[2] 42 U.S.C. §§ 12101–12213.

1

No. 42), and Plaintiff filed her reply six days later (ECF No. 43). With leave of the court, Defendants filed a sur-reply on January 7, 2022. (ECF No. 53).

Subsequently, on February 25, 2022, Ascend Holdings filed a motion for summary judgment on the grounds that it was not Plaintiff's employer. (ECF No. 56). The same day, Defendants also filed a joint motion for summary judgment. (ECF No. 57). Plaintiff filed responses in opposition to both motions (ECF Nos. 58; 59), and Defendants replied (ECF Nos. 63; 65).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny Plaintiff's motion for partial summary judgment and Ascend Holdings' motion for summary judgment, and grant in part and deny in part Defendants' joint motion for summary judgment. (ECF No. 67). Plaintiff and Defendants both filed objections to the Report (ECF Nos. 69; 70; 71), and this matter is now ripe for review. After carefully reviewing the record and the submissions of the parties, the court concludes a hearing is unnecessary to decide this matter. Furthermore, for the reasons set forth below, the court agrees with the magistrate judge's recommended disposition and denies Plaintiff's and Ascend Holdings' motions for summary judgment (ECF Nos. 27; 56), and grants in part and denies in part Defendants' joint motion for summary judgment (ECF No. 57).

## MAGISTRATE JUDGE'S REPORT

*1. Plaintiff's Claims under the ADA*

Upon review of the parties' briefing, the record, and the magistrate judge's Report, the court adopts the procedural history, factual background, and evidence as thoroughly set forth in the Report, to which neither party objects. *See* (ECF No. 67 at 1–11). In his Report, the magistrate judge first addressed Ascend Holdings' motion for summary judgment on the basis that it was not

Plaintiff's employer. *See id*. at 11–22; *see also* (ECF No. 56). The magistrate judge first recognized that the ADA and FMLA only impose liability on a plaintiff's employer, and that the Fourth Circuit has established a test to determine when a parent company and its subsidiary—such as Ascend Holdings and Ascend Operations—can collectively be considered an integrated employer. (ECF No. 67 at 11 (citing *Hukill v. Auto Care, Inc.*, 192 F.3d 437, 441, 442 (4th Cir. 1999), *abrogated on other grounds by Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006))). As the magistrate judge correctly noted, the integrated employer test "allows for a finding 'that separate companies are so interrelated that they constitute a single employer' based on an analysis of the following elements: '(1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control.'" *Id*. at 11–12 (quoting *Hukill*, 192 F.3d at 442). Additionally, whether or not separate entities can be considered a single integrated employer is a question of fact. *Id*. at 12 (citing *Yoo v. BMW Mfg. Co.*, LLC, C/A No. 7:17-03499-TMC-SVH, 2019 WL 1416882, at *5 (D.S.C. Mar. 29, 2019).

As an initial matter, the magistrate judge rejected Ascend Holdings' argument that there is a "strong presumption" against finding a parent company to be an integrated employer, noting that "while there are some non-binding cases standing for this proposition, Ascend Holdings has failed to identify any binding precedent providing for this presumption in the integrated employer context[,]" and, "[s]ignificantly, this presumption was not recognized in *Hukill* when the Fourth Circuit applied the integrated employer test." *Id*. at 13 n.5. The magistrate judge then conducted a thorough analysis of each element of the integrated employer test and found there to be sufficient evidence in the record to create a material question of fact as to every element. *See id*. at 13–22. As to common management, the magistrate judge found there is evidence (1) that employees of both Ascend Holdings and Ascend Operations were involved in decisions to terminate Ascend

Operations' employees; (2) that approval was required from Ascend Holdings' employees prior to termination of an Ascend Operations' employee; and (3) that, during the relevant time period, all five officers of Ascend Operations were also officers, with the same titles, for Ascend Holdings. *Id*. at 14–16. With respect to the interrelation between the two companies, in addition to the evidence of common management, the magistrate noted there is evidence in the record that "Ascend Holdings and Ascend Operations advertise themselves together as 'Ascend Performance Materials' and do not differentiate themselves or hold themselves out as separate entities[,]" including in their online job postings. *Id*. at 17. Additionally, "it appears that certain employees at [Ascend Operations'] Greenwood facility report to Ascent Holdings' employees." *Id*. While the magistrate judge recognized that there are also significant indicators of distinction between the two companies—including that they each have their own bank accounts and that Ascend Operations enters into its own real estate agreements—the magistrate judge found there was sufficient evidence of interrelation to create a material question of fact. *Id*. at 20. The magistrate judge found this same evidence also gives rise to a material question of fact as to the extent of the centralized control of labor operations between Ascend Holdings and Ascend Operations. *Id*. at 20–21. Finally, as to the degree of common ownership and financial control between Ascend Holdings and Ascend Operations, the magistrate judge noted that the record is sparse on this issue with conflicting evidence that Ascend Holdings may be the sole equity owner of Ascend Operations, or that Ascend Holdings is merely a holding company. *Id*. at 21. Nevertheless, the magistrate judge properly found that the conflicting evidence creates a question of fact such that Ascend Holdings is not entitled to summary judgment on the issue of whether it is an integrated employer with Ascend Operations. *Id*. at 21–22.

The magistrate judge next considered Defendants' joint motion for summary judgment, beginning with Plaintiff's claims for ADA discrimination based on Defendants' refusal to reinstate Plaintiff after her medical leave and her ultimate termination. *See id*. at 22–38. The magistrate judge properly noted that "[t]o establish a claim of disability discrimination under the ADA, the plaintiff must show (1) that she has a disability, (2) that she is 'qualified individual' for the employment in question, and (3) that her employer discharged her (or took other adverse employment action) because of her disability.'" *Id*. at 22 (quoting *Smith v. CRSA*, 12 F.4th 396, 412 (4th Cir. 2021)) (internal quotation marks omitted). The magistrate judge further recognized that, for purposes of an ADA discrimination claim, "'[a]n adverse action is one that constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Id*. at 24 (quoting *Thomas v. City of Annapolis*, 851 Fed. App'x 341, 345 (4th Cir. 2021)) (citing 42 U.S.C. § 12112(a)). With respect to Plaintiff's denial of reinstatement claim, the magistrate judge found that "courts within the Fourth Circuit routinely find that placing an employee on paid leave is not an adverse employment action." *Id*. at 25. The magistrate judge also noted that all of the cases cited by Plaintiff in support of her contention that placement on involuntary leave, whether paid or not, is a prohibited action are either nonbinding on this court or distinguishable. *Id*. Therefore, relying on binding Fourth Circuit precedent, the magistrate judge concluded that "[D]efendants denying the [P]laintiff reinstatement and keeping her on paid leave with benefits was not an adverse action under the ADA" and, therefore, recommended the court grant summary judgment for Defendants on this claim.[3] *Id*. at 26.

---

[3] The only claim addressed in Plaintiff's motion for partial summary judgment (ECF No. 27) is her ADA discrimination claim for denial of reinstatement. Accordingly, the magistrate judge further recommended the court deny Plaintiff's motion for the same reasons.

5

On the other hand, with regard to Plaintiff's claim for ADA discrimination based on her termination, the magistrate judge found the evidence was sufficient to create a genuine issue of material fact precluding summary judgment. *See id*. at 26–38. Properly applying the burden-shifting framework established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), the magistrate judge first thoroughly considered whether Plaintiff can establish a prima facie case for ADA disability discrimination. *See id*. at 27–36. The magistrate judge found that Plaintiff's chronic, episodic plantar fasciitis satisfies the definition of an actual disability under 42 U.S.C. § 12102(1). *See id*. at 27–32. He also found sufficient evidence to establish a prima facie showing that Plaintiff was a qualified individual because, at the time of her termination, she was asymptomatic and could perform the essential functions of her job. *See id*. at 32–35. Finally, the magistrate judge found that, "[u]ndoubtedly, the termination of the plaintiff's employment constitutes an adverse employment action." *Id*. at 35.

Having concluded that Plaintiff met her burden of establishing a prima facie case for ADA disability discrimination, the magistrate judge noted that Defendants also satisfied their burden of producing a legitimate, nondiscriminatory reason for Plaintiff's employment termination. *Id*. at 36. Specifically, Defendants contend that Plaintiff was terminated based on her dishonesty regarding her physical therapy appointments. *Id*. Accordingly, the magistrate judge proceeded to the final step of the *McDonnell Douglas* framework, considering whether there is sufficient evidence to support that Defendant's purported nondiscriminatory reason is merely pretext for discrimination. *See id*. at 36–38. Considering the extensive record, the magistrate judge again recognized there is conflicting evidence on this issue and ultimately concluded that Plaintiff's evidence is sufficient to create a material question of fact such that summary judgment is improper

at this point. *See id.* Thus, the magistrate judge recommended the court deny summary judgment as to Plaintiff's claim for ADA discrimination based on her termination. *Id*. at 38.

Plaintiff's final claim under the ADA asserts that Defendants conducted an improper medical inquiry regarding Plaintiff's disability. *See* (ECF No. 9 at 4–5, 7). Addressing this claim, the magistrate judge noted that the ADA prohibits employers "from 'making inquiring of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability[,]'" but that inquiries "'shown to be job-related and consistent with business necessity'" are permissible. (ECF No. 67 at 38 (quoting 42 U.S.C. § 12112(d)(4)(A))). An inquiry is considered job-related and consistent with business necessity "'if the employer reasonably believes that an employee's medical condition impairs his ability to perform the essential functions of the job or the employee poses a direct threat to himself or others.'" *Id*. at 39 (quoting *Coffey v. Norfolk So. Ry. Co.*, 23 F.4th 332, 339 (4th Cir. 2022)). In this case, the magistrate judge found that the inquiry in question does not constitute a medical inquiry under the ADA, because the inquiry centered on Plaintiff's attendance at physical therapy appointments and did not seek, nor was it likely to elicit, any information about Plaintiff's plantar fasciitis. *Id*. Therefore, the magistrate judge recommended the court grant summary judgment for Defendants as to Plaintiff's unlawful medical inquiry claim. *Id*.

   2. *Plaintiff's Claims under the FMLA*

Plaintiff's first set of claims under the FMLA assert that Defendants improperly interfered with her rights under the FMLA by (1) not providing her with proper notice of her exhaustion date; (2) interfering with her taking leave; and (3) interfering with her right to reinstatement by requiring a second opinion of her ability to return to work. *See* (ECF Nos. 9 at 5; 59 at 21–22). The magistrate judge set forth the proper standard for FMLA interference claims and addressed each

7

allegation in turn. (ECF No. 67 at 40–44). As to Plaintiff's first claim that Defendants failed to provide her with the required notice, the magistrate judge agreed with Defendants that Plaintiff never raised this issue or any allegation in support thereof in her Amended Complaint. *Id*. at 40–41. Instead, Plaintiff first asserted this claim in response to Defendants' motion to summary judgment. *Id*. at 40. Properly relying on *Harris v. Reston Hospital Center, LLC*, 523 Fed. App'x 938 (4th Cir. 2013), the magistrate judge concluded that "[P]laintiff may not now attempt to base her claim or defeat a motion for summary judgment under a new theory that is based on factual allegations not pled in her amended complaint." *Id*. at 42; *see also id*. at 41–42. Regarding Plaintiff's second claim for FMLA interference, the magistrate judge found that this claim fails as a matter of law because the record establishes Plaintiff received the full twelve weeks of FMLA leave to which she was entitled. *Id*. at 43. Similarly, the magistrate judge found Defendants are entitled to summary judgment on Plaintiff's final FMLA interference claim because, pursuant to 29 U.S.C. § 2614(a)(1)(A) and 29 C.F.R. § 825.216(c), Plaintiff lost her right to reinstatement when she did not attempt to return to work following her twelve-week FMLA leave. *Id*. at 43–44. Therefore, the magistrate judge recommended the court grant summary judgment for Defendants as to all of Plaintiff's FMLA interference claims.

As with her ADA discrimination claims, Plaintiff asserts two claims for FMLA retaliation based on Defendants' denial of reinstatement and Plaintiff's termination. *See* (ECF Nos. 9 at 6; 59 at 22–29). In order to establish a prima facie case for FMLA retaliation, "a plaintiff must show that (1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) the adverse action was causally connected to the plaintiff's protected activity." (ECF No. 67 at 44–45 (citing *Sharif v. United Airlines, Inc*., 841 F.3d 199, 203 (4th Cir. 2016))). Beginning with Plaintiff's claim based on her being denied reinstatement, the magistrate judge

8

noted that the proper standard to establish an adverse employment action was set forth by the United States Supreme Court in *Burlington Northern and Santa Fe Railway Corporation*, 548 U.S. 53 (2006): "'a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" (ECF No. 67 at 47 (quoting *Burlington*, 548 U.S. at 68)). Applying this standard to the facts of this case, the magistrate judge concluded "that a reasonable employee would not have found an employer denying her reinstatement and keeping her on paid leave with benefits to be materially adverse." *Id*.; *see also id*. at 47–48 (citing multiple cases from other courts within the Fourth Circuit applying *Burlington* and ruling that placement on paid leave does not constitute a materially adverse employment action). Thus, the magistrate judge found that Plaintiff could not satisfy the second element of an FMLA retaliation claim based on her being denied reinstatement as a matter of law and recommended summary judgment be granted for Defendants as to this claim. *Id*. at 48.

Turning to Plaintiff's final claim for FMLA retaliation based on her termination, the magistrate judge found that, applying the *McDonnell Douglas* framework, it is undisputed Plaintiff engaged in a protected activity by taking FMLA leave and that she suffered an adverse employment action in the form of her termination. *Id*. However, Defendants challenge whether Plaintiff can establish a prima facie showing that her termination was causally related to her FMLA leave. *See id*.; (ECF No. 57-1 at 16). After considering the evidence in the record and the applicable law, the magistrate judge concluded that the close temporal proximity between the end of Plaintiff's FMLA leave and her termination is sufficient to satisfy the less onerous burden at the prima facie stage. (ECF No. 67 at 48–49). The magistrate judge also noted that Defendants presented a legitimate, nondiscriminatory reason for Plaintiff's termination—her alleged

9

dishonesty—and provided some evidence in support of their asserted reason. *Id*. at 49. However, as with Plaintiff's ADA discrimination claim, the magistrate judge found that there is sufficient evidence in the record from which a finder of fact could conclude that Defendants' nondiscriminatory reason was false and that retaliation was a but-for cause of Plaintiff's termination. *See id*. at 50–51. Accordingly, because there remain material questions of fact as to whether Defendants' claims of Plaintiff's dishonesty are mere pretext for unlawful retaliation under the FMLA, the magistrate judge recommended the court deny summary judgment on this claim. *Id*. at 51.

3. Summary of Parties' Objections

Both Plaintiff and Defendants filed objections to the magistrate judge's Report. (ECF Nos. 69; 70; 71). Plaintiff objects, on almost identical grounds, to the magistrate judge's conclusions regarding her claims for ADA discrimination and FMLA retaliation based on her denial of reinstatement.[4] *See* (ECF No. 69). Defendants generally object to the magistrate judge's findings and recommendations as to Plaintiff's ADA discrimination and FMLA retaliation claims based on her termination. *See* (ECF No. 70). However, Defendants fail to identify any factual errors or errors in the magistrate judge's analysis, and merely restate their prior arguments and assert their disagreement with the magistrate judge's conclusions. *See generally id*. The only specific objection Defendants raise is with respect to the magistrate judge's analysis of the integrated employer test. *See id*. at 5–6. In particular, Defendants assert that a recent Fourth Circuit opinion supports their contention that they are entitled to a "strong presumption" of separateness between Ascend Holdings and Ascend Operations. *See id*.

---

[4] Plaintiff makes no objection to the magistrate judge's recommendations that summary judgment be entered in favor of Defendants as to her ADA unlawful medical inquiry and FMLA interference claims. *See* (ECF No. 69).

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Similarly, objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of

any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Phillips v. Nlyte Software Am. Ltd.*, 615 Fed. App'x 151, 152 (4th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"'In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party.'" *Sellers v. Keller Unlimited LLC*, 388 F. Supp. 3d 646, 649 (D.S.C. 2019) (quoting *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996)). However, "'[o]nly disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.'" *McKinney v. G4S Gov't Sols., Inc.*, 711 Fed. App'x 130, 134 (4th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of proving that summary judgment is appropriate. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Lane & Roderick, Inc.*, 736 Fed. App'x 400, 400 (4th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 322–23). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).

**DISCUSSION**

As noted above, the only specific objections to the Report are those raised by Plaintiff with respect to her claims for ADA discrimination and FMLA retaliation based on Defendants' failure to reinstate Plaintiff, and the objection raised by Defendants with respect to the integrated employer test. *See* (ECF Nos. 69; 70). Accordingly, the remainder of the Report is reviewed only for clear error and the court need not provide any explanation for adopting the magistrate judge's recommendations. *Camby*, 718 F.2d at 199–200; *Dunlap*, 288 F. Supp. 3d at 662. Having carefully and thoroughly reviewed the Report, the record, and the parties' extensive briefing, the court overrules Defendants' nonspecific objections with respect to Plaintiff's ADA and FMLA claims based on her termination, (ECF No. 70), and adopts the following recommendations from the Report: (1) summary judgment is improper at this stage as to Plaintiff's ADA discrimination and FMLA retaliation claims for termination; and (2) Defendants are entitled to summary

judgment on Plaintiff's claims for ADA unlawful medical inquiry and FMLA interference, *see* (ECF No. 67).

With respect to the remaining issues to which the parties have raised specific objections, the court has conducted the requisite *de novo* review and finds as follows.

  1. *Integrated Employer Test*

The bulk of Defendants' objection to the magistrate judge's analysis on the issue of whether Ascend Holdings and Ascend Operations constitute a single integrated employer merely restates Defendants' assertion that they are entitled to a "strong presumption" of separateness. *See* (ECF No. 70). As noted herein, the magistrate judge addressed this argument and noted that, "while there are some non-binding cases standing for this proposition, Ascend Holdings has failed to identify any binding precedent providing for this presumption in the integrated employer context[,]" and, "[s]ignificantly, this presumption was not recognized in *Hukill* when the Fourth Circuit applied the integrated employer test." (ECF No. 67 at 13 n.5). However, in their objections, Defendants rely on an unpublished Fourth Circuit opinion which was issued two days prior to the entry of the magistrate judge's Report: *Bittle-Lindsey v. Seegars Fence Company, Inc.*, No. 21-1044, 2022 WL 1566770 (4th Cir. May 18, 2022). *See* (ECF No. 70 at 5–6). Specifically, Defendants assert that in *Bittle-Lindsey*, "the Fourth Circuit affirmed summary judgment for a parent entity in the integrated employer context and relied on the rule for overcoming the strong presumption set forth in *Johnson*—i.e., that it can only be overcome with evidence that parent 'controls the subsidiary's employment decisions or so completely dominates the subsidiary that the two corporations are the same entity.'" *Id*. (quoting *Bittle-Lindsey*, 2022 WL 1566770 at *2).

The court notes, as an initial matter, that nowhere in the *Bittle-Lindsey* opinion does the Fourth Circuit mention even a presumption against finding a parent company to be an employer,

14

let alone a "strong presumption." *See generally Bittle-Lindsey*, 2022 WL 1566770. Additionally, the claim at issue in *Bittle-Lindsey* was not a claim under the ADA or FMLA, but rather a claim to pierce the corporate veil of the subsidiary to attach liability to its parent company. *See id*. at *2. Moreover, despite the differing claims, the Fourth Circuit nevertheless applied the exact same integrated employer test from *Hukill* that the magistrate judge applied to the facts in this case. Furthermore, although the *Johnson* case to which Defendants refer and to which the Fourth Circuit cites in *Bittle-Lindsey* does hold that, "when a subsidiary hires employees, there is a strong presumption that the subsidiary, not the parent company, is the employer[,]" *Johnson v. Flowers Indus., Inc*., 814 F.2d 978, 980 (4th Cir. 1987), that opinion was issued twelve years before the Fourth Circuit adopted the integrated employer test in *Hukill* in 1999, at which point the Fourth Circuit included no requirement that a plaintiff overcome a strong presumption of separateness between a parent and subsidiary. Finally, even if the court were to apply the "strong presumption" set forth in *Johnson*, as the Fourth Circuit articulated in *Bittle-Lindsey*, a plaintiff can overcome the presumption with a showing that the parent company controls the subsidiary's employment decisions. *See Bittle-Lindsey*, 2022 WL 1566770 at *2 (quoting *Johnson*, 814 F.2d at 980). In this case, the magistrate judge specifically laid out the evidence in the record indicating that Ascend Holdings' employees were not only involved in the decision to terminate Plaintiff, but that their prior authorization was *required* before Ascend Operations could terminate Plaintiff's employment. *See* (ECF No. 67 at 13–21). Accordingly, the court finds the magistrate judge properly applied the integrated employer test to conclude that material questions of fact exist regarding whether Ascend Holdings may be held liable as a single employer with Ascend Operations and **OVERRULES** Defendants' objection.

*2. ADA Discrimination – Denial of Reinstatement*

Plaintiff raises a number of objections regarding the magistrate judge's analysis as to her claim for ADA discrimination based on Defendants' refusal to reinstate her and, more specifically, regarding the magistrate judge's finding that placement on paid leave does not constitute an adverse employment action. *See* (ECF No. 69). First, Plaintiff appears to suggest that this issue was not properly before the magistrate judge because Defendants only argued that paid leave is not an adverse employment action in their response opposing Plaintiff's motion for partial summary judgment, rather than in support of their motion for summary judgment. *Id*. at 2. However, Plaintiff fails to specify how it was error for the magistrate judge to consider an argument raised by Defendants with respect to this claim, whether made in support of or opposition to a motion for summary judgment. Therefore, Plaintiff's first objection is **OVERRULED**.

Next, Plaintiff argues that neither she nor Defendants addressed whether her leave was paid in their briefing, but that the magistrate judge improperly assumed as much, thereby depriving Plaintiff of a chance to address the question. *See id*. at 3. She then argues that she received only two-thirds of her normal pay while on leave and cites to the Fourth Circuit's opinion in *Ray v. International Paper Company*, 909 F.3d 661 (4th Cir. 2018) for the proposition that the loss of one-third of her salary while on leave is sufficient to constitute an adverse employment action. *Id*. at 3–4. However, while Plaintiff may have chosen not to address whether or not her leave was paid in her motion for partial summary judgment, Defendants did explain that Plaintiff's leave was paid and attached the pay stubs from her leave to their motion for summary judgment. *See* (ECF Nos. 57-1 at 20; 57-4). Thus, the magistrate judge did not improperly assume that fact, but based his findings on the evidence in the record. Moreover, because Defendants raised the issue of paid leave in their motion, Plaintiff had ample opportunity to address the question in her response.

16

Whether she chose to do so or not does not constitute an error on the part of the magistrate judge. Finally, the court finds the *Ray* case, on which Plaintiff relies to argue that reduced pay on leave constitutes an adverse employment action, is inapposite to the facts of this case. *See Ray*, 909 F.3d 661. First, the claim at issue in *Ray* was a Title VII claim for hostile work environment, not a claim for ADA discrimination. *See id*. at 666. Additionally, the issue in *Ray* was whether a supervisor denying voluntary overtime constituted a materially adverse employment action. Plaintiff cites to no other binding case law on point suggesting that reduced pay on leave constitutes an adverse employment action, nor is the court aware of any. Accordingly, this objection is also **OVERRULED**.

Plaintiff's third objection is related to her second and asserts that the magistrate judge erred by failing to distinguish the cases cited by Plaintiff for the proposition that refusal to reinstate constitutes an adverse employment action. *See* (ECF No. 69). In particular, Plaintiff acknowledges that "Judge McDonald reviewed and cited the case law relied on by [Plaintiff,]" but argues that Judge McDonald erred in finding "that authority from this Circuit warrants a different result." *Id*. at 7. As noted above, Plaintiff has cited no binding authority from the Fourth Circuit in support of her argument, but instead relies on a Seventh Circuit opinion which has no binding effect on the decisions of this court. *See id*. at 7–8 (citing *Timmons v. GMC*, 469 F.3d 1122, 1128 (7th Cir. 2006)); *see also* (ECF No. 27 at 17 (citing *Timmons*, 469 F.3d at 1128)). Moreover, Plaintiff cites no authority to support that it was error for the magistrate judge to disregard nonbinding authority in favor of relevant precedent from this Circuit and District. Instead, Plaintiff attempts to distinguish the cases on which the magistrate judge relied because they involved a plaintiff being placed on paid leave pending an investigation by the employer. *See id*. at 8–9. However, the court finds this distinction irrelevant. If it is not an adverse employment action for

17

an employer to suspend a plaintiff with pay pending an investigation into some alleged wrongdoing by the plaintiff, it follows that it would not be an adverse employment action to keep an employee on paid leave without any allegations of wrongdoing. Further, as Defendants point out in their reply to Plaintiff's objections, Plaintiff's own deposition testimony suggests that her reinstatement was denied because Defendants were in fact conducting an investigation into Plaintiff's alleged dishonesty. *See* (ECF No. 72 at 4). Thus, Plaintiff has failed to establish it was error for the magistrate judge to rely on the relevant precedent from this Circuit as opposed to the Seventh Circuit's nonbinding opinion in *Timmons*. Plaintiff's third objection is, therefore, **OVERRULED**.

Finally, Plaintiff argues the magistrate judge erred by failing to address whether she meets the "perceived"/"regarded as" and "record of" definitions of disability under the ADA after determining that Plaintiff meets the "actual disability" definition. (ECF No. 69 at 6–7). Specifically, Plaintiff asserts that the magistrate judge should have analyzed whether Plaintiff can satisfy all three definitions because there is a regulation, 29 C.F.R. § 1630.2(l)(1), related to the "regarded as" definition, which "states that forced leave is an adverse action[.]" *Id*. at 6. However, 29 C.F.R. § 1630.2(l)(1) provides that "placement on involuntary leave" is an adverse action but provides no guidance with respect to an employer's refusal to reinstate after *voluntary* leave or continued paid leave, nor is the court aware of any case law extending this regulation's prohibition on "placement on involuntary leave" to such circumstances. Therefore, even if the magistrate judge had analyzed Plaintiff's claim under all three definitions of disability, 29 C.F.R. § 1630.2(l)(1) provides no safe harbor for Plaintiff and the magistrate judge's ultimate finding that continued paid leave does not constitute an adverse employment action would have been the same. The court finds no error in the magistrate judge's analysis and this objection in **OVERRULED**.

*3. FMLA Retaliation – Denial of Reinstatement*

Plaintiff's objections to the magistrate judge's analysis regarding her FMLA retaliation claim for denial of reinstatement are almost identical to, and at times difficult to differentiate from, her objections as to the disposition of her ADA discrimination claim for denial of reinstatement. To the extent these objections differ, they are nonspecific and merely repeat arguments already presented by Plaintiff and thoroughly considered by the magistrate judge in his Report. Accordingly, the court need not reiterate its above analysis. Plaintiff's objections are **OVERRULED.**

## CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's Report (ECF No. 67) in its entirety, **DENIES** Plaintiff's motion for partial summary judgment (ECF No. 27), **DENIES** Ascend Holdings' motion for summary judgment (ECF No. 56), and **GRANTS in part** and **DENIES in part** Defendants' joint motion for summary judgment (ECF No. 57). Specifically, the court **GRANTS** summary judgment as to Plaintiff's claims for ADA discrimination – denial of reinstatement, ADA unlawful medical inquiry, FMLA interference, and FMLA retaliation – denial of reinstatement, and **DENIES** summary judgment as to the claims for ADA discrimination – termination and FMLA retaliation – termination.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 26, 2022
Anderson, South Carolina